**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TAMARA JONES,<br><br>　　Plaintiff<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS MILWAUKEE FIDUCIARY HUB, PAUL E. STARK, and DENISE NIEMCZYK-MULLINS,<br><br>　　Defendants | Case No.: 2:21-cv-00311-APG-EJY<br><br>**Order Denying Motion for Default Judgment and Ordering Plaintiff to Show Cause Why the Clerk's Entry of Default Should Not Be Vacated** |

Plaintiff Tamara Jones sues the Department of Veterans Affairs Milwaukee Fiduciary Hub and two of its managers, Paul Stark and Denise Niemczyk-Mullins. Jones obtained a clerk's entry of default and moves for default judgment. I deny her motion for default judgment and order her to show cause why the clerk's entry of default should not be vacated because she has not presented proof of proper service on any defendant.

Because the Department of Veterans Affairs is a United States agency, Jones must abide by Rule 4(i)(2), which has two operative requirements: "a party must . . . send a copy of the summons and of the complaint by registered or certified mail to the agency . . ." and "a party must serve the United States." To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . .

Fed. R. Civ. Pro. 4(i)(1).

Jones does not present evidence that she sent the summons and complaint by registered or certified mail to the Department of Veterans Affairs. She also has not properly served the United States. She has not filed proof that she delivered a copy of the summons and the complaint to either the United States Attorney for the District of Nevada or to the civil-process clerk at the United States attorney's office. Nor has he sent copies of those documents to the Attorney General of the United States in Washington, D.C.

Jones also has not presented evidence that she properly served the individual defendants. If she is suing them in their official capacities, then she must serve them in the same way as the Department of Veterans Affairs. Fed. R. Civ. P. 4(i)(2). As just discussed, she has not done so.

If she is suing the individual defendants in their individual capacities, then she must serve the United States and she must serve each employee under Rule 4(e) (personal service), (f) (service in a foreign country), or (g) (service on a minor or incompetent person). Fed. R. Civ. P. 4(i)(3). As just discussed, she has not properly served the United States. And she has not served the individual employees under Rule 4(e), (f), or (g). Only Rule 4(e) applies, and Jones has presented no evidence that she delivered a copy of the summons and complaint to the individual defendants personally or left it at the individual defendants' usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2)(A)-(B). Nor has she established that the person she served was "an agent authorized by appointment or by law to receive service of process" for the individual defendants in their individual capacities. Fed. R. Civ. P. 4(e)(2)(C). Finally, she has not shown she followed Nevada law in serving the individual defendants who are located in Wisconsin. *See* Nev. R. Civ. P. 4.2(a), 4.3.

Therefore, Jones has not met Rule 4's requirements and has not properly served the defendants. As a result, I deny her motion for default judgment. I also order Jones to show

cause why the clerk's entry of default should not be vacated due to Jones' failure to timely and properly serve any defendant.

I THEREFORE ORDER that plaintiff Tamara Jones's motion for default judgment **(ECF No. 10) is DENIED**.

I FURTHER ORDER that by July 30, 2021, plaintiff Tamara Jones shall show cause in writing why the clerk's entry of default (ECF No. 9) should not be vacated.

DATED this 6th day of June, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE