UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tamara Jones,

         Plaintiff

v.

Department of Veteran Affairs Milwaukee Fiduciary Hub, *et al.*,

         Defendants

Case No. 2:21-cv-00311-CDS-EJY

**Order Granting Defendants' Motion to Dismiss, Denying Plaintiff's Motions as Moot**

[ECF Nos. 27, 44, 50, 54]

     Plaintiff Tamara Jones, proceeding *pro se*, sues the Department of Veterans Affairs Milwaukee Fiduciary Hub, two of its managers (Paul Stark and Denise Niemczyk-Mullins), and the United States of America, alleging wrongful and negligent acts resulted in her wrongful conviction and sentencing in March of 2018. Am. Compl., ECF No. 25. There are four outstanding motions in this case. First, defendants Department of Veteran Affairs Milwaukee Fiduciary Hub, Paul E. Stark, Denise Niemczyk, and the United States of America move to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 27. Second, Jones objects to the magistrate judge's order denying her motion to compel. ECF No. 44. Third, Jones moves for a status report. ECF No. 50. Finally, Jones objects to the magistrate judge's order granting her request for a status of the case. ECF No. 54.

     For the reasons set forth herein, I grant Defendants' motion to dismiss. Because I dismiss this action, I deny Jones' motion for a status report (ECF No. 50) and overrule her objections (ECF Nos. 44, 54) as moot.

## I. Overview

Jones brought this tort action alleging that she suffers constant pain and mental suffering resulting from her felony conviction out of the Eastern District of Missouri,[1] and further that she cannot financially support herself. *See generally* ECF No. 25. Jones seeks to recover lost income and over $4,000,000 in damages. *Id.* at 5.

Defendants move to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing this action should be dismissed pursuant to the doctrine elucidated by *Heck v. Humphrey*, 512 U.S. 477 (1994), noting Jones pleaded guilty to Misappropriation by Fiduciary, pursuant to Title 38, United States Code, Section § 6101(a), and was sentenced to a five-year term of probation in March 2018, and that she has not undertaken any efforts to set aside or vacate the conviction. ECF No. 27. Jones filed an opposition to the motion (ECF No. 29) but it did not incorporate any points and authorities. Given Jones' status as a *pro se* litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that courts should liberally construe pro se filings), I consider Jones' opposition seeks to incorporate her opposition to the first motion to dismiss[2] filed by Jones on November 1, 2021 (ECF No. 21) in resolving this motion. In that opposition, Jones argues that defendants did not follow proper protocol investigating the misuse of funds case against her, *see generally* ECF No. 21 at 5–6, and further argues that the *Heck* doctrine is inapplicable to her case, ECF No. 21 at 5–6.

## II. Legal Standard

A defendant may move to dismiss an action for a plaintiff's failure to allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] *United States v. Tamara Jones*, 4:16-cr-471-RWS (E.D. Mo.) at ECF No. 84 (Judgment).

[2] The first motion to dismiss was denied as moot because it was directed at the original complaint. ECF No. 26. However, the only change between the first and the amended complaint is the addition of the United States of America as a defendant. *Compare* ECF No. 1 *with* ECF No. 35.

1 misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In ruling on a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

When a court has taken judicial notice of facts, the court may also consider the facts noticed in evaluating a motion to dismiss. Fed. R. Evid. 201.

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (internal quotation marks and citation omitted).

### III. Discussion

As a threshold matter, it is well established that courts may take judicial notice of judicial proceedings in other courts. Courts regularly take judicial notice of proceedings in other courts and facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136–37 (S.D. Cal. 2006) (courts may take judicial notice of their own records and other court proceedings if they directly relate to matters before the court); *see also Montantes v. Inventure Foods*, 2014 WL 3305578, at *2 C.D. Cal. July 2, 2014 (stating that courts "take judicial notice of proceedings in other courts … if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted). Jones' conviction occurred in the United States District Court for the District of Eastern Missouri. As Jones challenges the investigation which resulted in her criminal conviction, that case is directly related to this matter. Accordingly, I take judicial notice of her judgment of conviction[3] and that the court's docket reveals the conviction still stands.

---

[3] *See United States v. Tamara Jones*, 4:16-cr-471-RWS (E.D. Missouri) at ECF No. 84.

3

Turning now to defendants' motion to dismiss, I grant the motion because the *Heck* doctrine precludes Jones' action.

What has come to be known as the "*Heck* preclusion doctrine" or the "*Heck* bar" is based on the following paragraph in the Supreme Court's opinion:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486–87 (footnotes omitted). The purpose behind the *Heck* doctrine is to avoid expanding opportunities for collateral attack to convictions and to promote finality and consistency of judicial decisions. *Id.* at 484-85.

Here, Jones repeatedly claims she was wrongfully convicted and that her constitutional rights were violated, which resulted in her wrongful conviction and related damages. *See generally* ECF No. 25. Specifically, Jones claims her felony conviction and sentencing caused her to lose her clientele, that the Department of Veteran Affairs employees "denied her Constitutional rights intentionally and negligently," that she "lives the life of constant pain and suffering" and "now has a **wrongful conviction**." *Id.* at 4-5 (emphasis added). Jones' complaint sets forth examples of documents related to her criminal conviction which she claims were invalid. *Id.* at 6–7. Jones further alleges that defendant Starks "signed off on a referral to The Office of the Inspector General Criminal Investigation that contained false statements . . . ." *Id.* at 6. She also claims that Starks submitted false accounting due dates and false statements regarding Jones'

lack of cooperation. *Id.* Jones also challenges the information submitted to grand jury, *see id.* at 8–9, and claims that the federal charges she faced "were given illegally, malicious and egregious by federal investigator . . . ." *Id.* at 9–10.

A plain reading of Jones' claims and prayers for relief are based upon allegations that she was wrongfully arrested and convicted, which is an indirect challenge attacking the validity of her criminal judgment. Specifically, Jones has filed a § 1983 and related conspiracy action[4] to challenge the validity of the investigation that resulted in her felony conviction, as well the conviction itself, as she maintains it is "wrongful." Thus, the *Heck* doctrine is applicable to this action. A 42 U.S.C. § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. Jones has not demonstrated that her conviction or sentence has been invalidated and the docket out of the Eastern District of Missouri confirms the conviction remains valid. Consequently, I hereby GRANT defendants' motion to dismiss pursuant to the *Heck* doctrine.

The dismissal of the action renders the remaining outstanding motion and objections moot. Accordingly, Jones' objection to the magistrate judge's order denying her motion to compel (ECF No. 44) and Jones' objection to the magistrate judge's granting her request for a status of the case (ECF No. 54) are overruled and denied as moot. Jones' motion for a status report (ECF No. 50) is denied as moot.

---

[4] Jones also seeks relief pursuant to 18 U.S.C. § 242. But "criminal statutes do not provide a private cause of action or a basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241–42 provide no private right of action and cannot form the basis for a civil suit); *see also Kennedy v. World Savings Bank, FSB*, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015) ("Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action"). Accordingly, 18 U.S.C. § 242 cannot be a claim for relief and Jones' claims brought under Title 18 are dismissed without leave to amend.

IV. Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss **[ECF No. 27] is GRANTED**.

IT IS FURTHER ORDERED that plaintiff's objections **[ECF Nos. 44 and 54]** are OVERRULED and DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for a status check **[ECF No. 50]** is DENIED as moot.

The Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE.

IT IS SO ORDERED.

DATED: November 10, 2022

_____
Cristina D. Silva
United States District Judge